UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. TAMER,

     Plaintiff,                      CIVIL ACTION NO. 13-13011

     v.                           DISTRICT JUDGE MARK A. GOLDSMITH
                                MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.  RECOMMENDATION:

     Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial  evidence on the record that claimant's impairments did not significantly limit his ability to perform basic work activity during the relevant period.

## II.  REPORT

### A.  Background and Procedural History

     Plaintiff filed an application for Social Security Disability Insurance benefits on April 10, 2011, alleging that he had been disabled and unable to work since November 5, 2010, at

age 55, due to Crohn's Disease, hepatitis C, leukocytosis, hearing loss (bilateral), tinnitus, knee arthralgia, joint effusion, chronic obstructive pulmonary disease (COPD), and diverticulitis. Benefits were denied initially by the Social Security Administration.  A requested de novo hearing was held on April 23, 2012, before Administrative Law Judge (ALJ) Melodie Page.  The ALJ found that the claimant was not entitled to disability benefits because he did not suffer from any severe impairments which significantly limited his ability to perform basic work-related activities[1] during the relevant past. (TR 11-19).  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 57 years old at the time of the administrative hearing. He earned the equivalent of a high school education and attended two years of college (TR 31-32). The

---

[1]20 C.F.R. § 404.1521, 416.921 (2013) states:

 What we mean by an impairment(s) that is not severe.

  (a) Non-severe impairment(s). An impairment or combination of impairments is  not severe if it does not significantly limit your physical or mental ability to do basic work activities.

  (b) Basic work activities. When we talk about basic work activities, we mean  the abilities and aptitudes necessary to do most jobs.  Examples of these  include--
    (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
    (2)  Capacities for seeing, hearing, and speaking;
    (3)  Understanding, carrying out, and remembering simple instructions;
    (4)  Use of judgment;
    (5)  Responding appropriately to supervision, co-workers and usual work situations;  and
    (6)  Dealing with changes in a routine work setting.

claimant had been employed as a landscaper, crew manager and diesel mechanic (TR 51). Plaintiff filed for unemployment benefits in December 2010, when the landscaping company where he worked drastically cut back his hours (TR 214). Plaintiff alleged that he was unable to return to work as a landscaper because long-term exposure to insecticides and other lawn chemicals caused him to fatigue easily (TR 29). He conceded that no physician had ever made such a diagnosis (TR 29).

Plaintiff asserted that he was totally disabled as a result of extreme fatigue that prevented him from standing for prolonged periods or lifting more than 25 pounds (TR 36). When he attempted to lift heavier objects, he sometimes experienced right arm weakness and finger numbness (TR 36, 49). Claimant was troubled by ringing in his ears ever since he started wearing a hearing aid in 2004 (TR 38). Plaintiff admitted, however, that he had not been refitted for a new hearing aid (TR 39). Other conditions which allegedly prevented him from returning to work included hepatitis, Crohn's Disease, diarrhea and trouble breathing in cold air (TR 42, 44, 49).

**B.  ALJ's Decision**

The Administrative Law Judge found that Plaintiff had been impaired as a result of a history of Crohn's disease, diverticulitis, hepatitis C and chronic obstructive pulmonary disease.  He was also troubled by bilateral hearing loss with subjective tinnitus and bilateral knee pain.  Nevertheless, the ALJ determined that these impairments were not severe enough to significantly limit his ability to perform basic work-related activities. As

3

a result, the ALJ terminated the sequential evaluation process at step two and declared that claimant was not disabled because he did not suffer from any severe impairments. (TR 11-19).

### C.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D.  Discussion and Analysis

The Commissioner employs a five step sequential evaluation process to determine disability.  If the Commissioner finds claimant to be disabled or not disabled at any point in the review, no further determination is required. 20 C.F.R. § 404.1520(a) (2013). Under this analysis, the Commissioner must determine whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) meets or equals an impairment listed in the appropriate appendix, (4) is prevented by her impairment or combination of impairments from engaging in her relevant past employment, or (5) has the ability to engage in other gainful activity considering her age, education, past relevant experience, and residual functional capacity.

In the instant case, the Administrative Law Judge terminated the sequential evaluation process at step two when she found that Plaintiff did not suffer from a severe impairment, one that significantly limited his ability to perform basic work activities.  20 C.F.R. §404.1520, 416.921 (2013). The ALJ found that Plaintiff had no severe impairments because he had failed to present objective medical evidence supporting the impairments alleged.  The step two severity regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de minimis* standard.  <u>Murphy v. Sec'y of Health & Human Servs.</u>, 801 F.2d 182, 185 (6th Cir. 1986); <u>Salmi v. Sec'y of Health & Human Servs.</u>, 774 F.2d 685,

690-92 (6th Cir. 1985); Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 89-90 (6th Cir. 1985).  Under the prevailing view in this circuit, an impairment can be considered nonsevere only if it is a slight abnormality that minimally affects a claimant's ability to work regardless of age, education and experience.  Farris, 773 F.2d at 90; Higgs v. Bowen, 880 F.2d 860 (6th Cir. 1988).  The Commissioner's regulations make clear that a claimant's age has no bearing on this determination.  See 20 C.F.R. §§ 404.1520©, 416.920© (2013). In addition, it is the claimant's burden to provide medical evidence that adequately documents the nature, severity and functional effects of any allegedly disabling impairments.  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 n. 2; 20 C.F.R. § 404.1512 (2013). When a claimant fails to meet the burden of proving that his or her impairment did, in fact, cause disabling functional limitations, the application is properly denied.

I am persuaded that substantial evidence existed on the record supporting the Commissioner's determination that Plaintiff's impairments were not severe, given the lack of objective clinical findings in the record since the alleged onset date of disability.  Even though Plaintiff testified that various impairments (hepatitis COPD, Crohn's disease, hearing loss, knee and elbow impairments) were the primary reasons he was unable to work, a review of the medical record reveals that he had no functional limitations preventing a return to work.

After conducting a physical examination in August 2011, Dr. L. Banerji opined that Plaintiff could work an 8-hour day as long as he avoided ladder climbing and walking

on scaffolding (TR 266). From an orthopedic standpoint, Dr. Banerji concluded that Plaintiff had no functional limitations (TR 266). The consulting examiner noted swelling of the right knee joint on examination, as well as X-rays indicating small bone spurs, but he also found that these impairments did not cause any functional limitations (TR 265-267). Plaintiff told the doctor that his knee pain did not affect his ability to perform any of his daily activities (Tr 266). Plaintiff testified that he could lift up to 25 pounds with the left arm, walk a few blocks, and stand and sit for 15 minutes at a time (TR 16, 37).

Moreover, Dr. Banerji found that, despite a clinical diagnosis of Crohn's disease, there were no abnormal physical findings in the abdomen. This condition, concluded the physician, appeared to be well-controlled without any need for medication (TR 265). The doctor also found no clinical indication of hepatitis symptoms or hepatic failure (TR 265). During an October 2011 evaluation, Plaintiff denied any jaundice, hematemesis, or ascites (TR 288). Significantly, the doctor discovered no evidence of emphysema or cor-pulmonae, and Plaintiff was not breathless during normal physical exertion (TR 265, 267). A pulmonary function test, conducted on May 18, 2009, demonstrated moderate COPD with moderate obstructive ventilatory defect. Plaintiff had no limitation with his exercise capacity (TR 206). Claimant's treating doctor at the VA reported that the COPD was stable with medication (TR 194, 198). Despite the fact that Plaintiff continued to smoke, he could still walk 3-4 blocks without any trouble, and had no coughing or wheezing on examination (TR 204).

7

Claimant reported that he could drive a car, manage his personal hygiene, and dress/undress on his own (TR 266). Plaintiff also could lift up to 60 pounds from the floor and carry that weight a distance of 50 feet (Tr. 266). Claimant admitted that he could perform all his daily activities, notwithstanding joint pain (TR 266). He has repeatedly refused to wear hearing aids, which would have improved his hearing. Plaintiff testified that, despite his knowledge of advancements in hearing aid technology, he still had not pursued getting new ones (TR. 235). Despite his alleged disabling impairments, claimant was able to perform a wide range of activities that included watching his granddaughter, attending church, shopping for groceries, paying bills, managing his finances, preparing meals, and performing household chores (TR 135-139). Such a wide range of activities supports the ALJ's conclusion that Plaintiff was not as limited as he alleged.

As previously mentioned, a claimant must provide medical evidence that adequately documents the nature, severity and functional effects of any allegedly disabling impairments. Bradley v. Sec'y of Health & Human Servs., 862 F.2d at 1228 n. 2; 20 C.F.R. § 404.1512 (2013). When a claimant fails to meet the burden of proving that his or her impairment did, in fact, cause disabling functional limitations, the application is properly denied[2]. King v. Sec'y of Health & Human Servs., 896 F.2d 204, 205-06 (6th Cir. 1990).

---

[2]The ALJ acknowledged the possibility that Plaintiff could be developing a deteriorating condition within the months leading up to his decision (TR 16). The ALJ properly concluded that he could find no evidence in the record that such a condition was expected to last 12 months or more (TR 16). While claimant rejects this conclusion, suggesting that there was medical evidence dating back to 2007 supporting the presence of longstanding severe

### E.  Conclusions

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); Frontier Ins. Co. v. Blaty, 454 F.3d 590, 596 (6th Cir. 2006); United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  McClanahan, 474 F.3d at 837; Frontier Ins. Co., 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be concise, but

---

impairments, (Plaintiff's Brief in Support of Summary Judgment at p. 13), the fact remains that substantial evidence existed on the record that indicate stable, well controlled conditions resulting from effective treatment.

commensurate in detail with the objections, and shall address specifically, and in the same

order raised, each issue contained within the objections.


s/ *Charles E Binder*

CHARLES E. BINDER
Dated: May 27, 2014                    United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date
and served upon counsel of record via the Court's ECF System.


s/ *Kristen R. Krawczyk*

Kristen R. Krawczyk
Case Manager Specialist


Dated: May 27, 2014